983 F.2d 1071
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Quintin T. WEBSTER, Plaintiff-Appellant,
v.
LOUISVILLE GAS AND ELECTRIC COMPANY, Defendant-Appellee.
 No. 92-5853.
 United States Court of Appeals, Sixth Circuit.
 Dec. 30, 1992.
 
 Before KENNEDY and BATCHELDER, Circuit Judges, and ENGEL, Senior Circuit Judge.
 
 ORDER
 
 1
 Quintin T. Webster, pro se, appeals from a district court order granting the defendant's motion for summary judgment in this employment discrimination case filed under Title VII. 42 U.S.C. § 2000e. This appeal has been referred to a panel of the court under Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not necessary. Fed.R.App.P. 34(a).
 
 
 2
 In his complaint, Webster alleged that he was illegally terminated on April 13, 1988, for causing an acid spill in one of the defendant's plants on April 6, 1988. He further alleged that a fellow white employee was not terminated for causing a similar acid spill on May 17, 1987. Webster later amended his complaint to include a charge of harassment in the work place based on his race.
 
 
 3
 The defendants filed a motion for summary judgment, supported by evidence that Webster's discharge was based not on race, but on numerous violations of work safety rules in the defendant's facility. The plaintiff did not respond to the defendant's motion, and the district court, thereafter, granted the motion by order entered June 24, 1992.
 
 
 4
 On appeal, Webster argues that the district court failed to consider whether the decision for termination was a pretext for racial bias. Webster also requests the appointment of counsel and a transcript at government expense.
 
 
 5
 This court's review of a grant of summary judgment is de novo, using the same test as used by the district court. EEOC v. University of Detroit, 904 F.2d 331, 334 (6th Cir.1990). Summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Canderm Pharmacal, Ltd. v. Elder Pharmaceuticals, Inc., 862 F.2d 597, 601 (6th Cir.1988).
 
 
 6
 Contary to Webster's argument, the issue of whether his termination was a pretext for racial bias need not be reached, because Webster has not met the initial burden of showing that his employer took action adversely affecting his employment under circumstances giving rise to an inference of unlawful discrimination. Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 252-53 (1981); Galbraith v. Northern Telecom, Inc., 944 F.2d 275, 179 (6th Cir.1991), cert. denied, 112 S.Ct. 1497 (1992). The evidence submitted by the defendant, to which the plaintiff did not respond, clearly shows that he was terminated due to violations of certain work safety rules in the defendant's facility, including documentation showing that Webster was accountable for another acid spill which had occurred prior to the spill for which he was fired. This evidence does not present a genuine issue of material fact from which a rational or reasonable jury could decide in favor of Webster. Thus, summary judgment for the defendant was appropriate in this case. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 244, 248 (1986).
 
 
 7
 Accordingly, Webster's requests for counsel and for a transcript at government expense are hereby denied, and the district court's order is hereby affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.